1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    ABC Corporation,                          No. MC-21-00007-PHX-DWL

10                   Petitioner,                **ORDER**

11   v.

12   XMission LC,

13                   Respondent.

14

15          Pending before the Court is ABC Corp.'s motion to quash a Rule 45 subpoena.

16   (Doc. 1.)  For the following reasons, the motion is transferred to the United States District

17   Court for the District of Utah ("District of Utah").

18          As background, in December 2020, XMission, L.C. ("XMission") initiated an action

19   in the District of Utah against Zippyloan.com ("Zippy") and certain Doe defendants ("the

20   Utah action").  (Doc. 1-2.)  The Utah action is styled *XMission, L.C. v. Zippyloan.com et*

21   *al.* and has been assigned case number 2:20cv00878.  In a nutshell, XMission alleges that

22   it has, in its capacity as an internet service provider, "received thousands of spam emails,

23   sent and/or initiated by Zippy or Zippy's agents/publishers that included links to

24   zippyloan.com."  (*Id.* ¶ 24.)  Based on these allegations, XMission asserts claims against

25   Zippy and the Doe defendants for violations of the CAN-SPAM Act.  XMission has also

26   received permission to conduct expedited discovery for the purpose of "ascertain[ing] the

27   identities and contact information of [Zippy] and Does 1-10, for service of process."  (Doc.

28   1-3 at 1-2.)

On December 15, 2020, as part of the expedited discovery process in the Utah action, XMission served a Rule 45 document subpoena on non-party GoDaddy.com, LLC ("GoDaddy"), which is based in Scottsdale, Arizona.  (Doc. 1-4.)  The subpoena seeks production of the "[a]ccount histories, records and billing documents sufficient to identify the name(s) and contact information for the registrant(s) of" zippyloan.com and 24 other website domains.  (*Id.* at 3.)  The requested date range for this information is "from January 1, 2018 to the present date."  (*Id.*)  Additionally, the subpoena seeks "account documents sufficient to identify all other domains registered during the same time period to the same registrant."  (*Id.*)  The place of compliance specified in the subpoena is the office of XMission's counsel, which is located in Lehi, Utah.  (*Id.* at 2.)

On February 19, 2021, ABC Corp. (which is proceeding under an anonymous designation) initiated the above-captioned miscellaneous action in the District of Arizona by filing a motion to quash the third-party subpoena served on GoDaddy.  (Doc. 1.)  ABC Corp. is the owner of 10 of the website domains listed in the Utah action subpoena, whose titles suggest they offer products and services related to health and wellness.  (Doc. 1 at 3.)[1]  In the pending motion, ABC Corp. argues the subpoena should be quashed for three reasons.  First, ABC Corp. argues that, because the place of compliance (Lehi, Utah) is more than 100 miles from where GoDaddy is based (Scottsdale, Arizona), the subpoena violates Rule 45(c)(2)(A)'s 100-mile limit.  (*Id.* at 4-5.)  Second, ABC Corp. argues the subpoena is "facially overbroad" and seeks "irrelevant" information because:

> Neither the subpoena nor the complaint establishes at least some plausible connection between the Targeted Domains or ABC and the CAN-SPAM Act claims against ZippyLoan.  Had XMission confined its subpoena to seeking information about other websites in the lending business, the decision of whether to quash would be a closer call.  But since it chose to include a bevy of health and wellness websites with no connection to the lending business, the decision is clear.

(*Id.* at 5-8.)  Third, ABC Corp. argues that, as a matter of "public policy," the Court should prevent "unscrupulous parties" from using "sweeping subpoena demands as no more than

---

[1]     Specifically, the 10 website domains at issue are betterbrainperformance.com, freedomfromjointpain.com,     healthyhairremedy.com,     longevityactivator.com, longevityactivator.net, puregreensforlife.com, silentmaleplague.com, trimfataway.com, visionforalifetime.com, and yourhealthybloodsugar.com.  (*Id.*)

collection of private corporate data." (*Id.* at 8-9.)

XMission opposes the motion, arguing that (1) the motion was filed in the wrong court; (2) ABC Corp. lacks standing to raise objections related to the 100-mile rule; (3) the requested information is relevant because "the technical similarities between the Zipplyloan.com spam and the Subject Doman's spam indicates a highly probable connection between the owners, controls and/or marketing affiliates of Zipplyloan.com, and those of the Subject Domains"; and (4) there are no public policy concerns that would support quashing the subpoena. (Doc. 4.)  In reply, ABC Corp. argues, among other things, that the motion was properly filed in this Court because GoDaddy is based in Arizona. (Doc. 8.)

The Court agrees with XMission that any motion to quash the subpoena should have been filed in the District of Utah, not the District of Arizona.  Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure identifies various grounds on which "the court for the district where compliance is required" must "quash or modify a subpoena."  Here, although the recipient of the subpoena, GoDaddy, is based on Arizona, the subpoena designates Lehi, Utah as the place of compliance.  This means that the District of Utah is properly considered "the district where compliance is required"—and, thus, the court that is empowered to address any motion to quash under Rule 45(d)(3)(A).  Although ABC Corp. correctly notes that some courts have construed the phrase "the district where compliance is required" as referring to where the subpoena recipient is located, the majority view— and, in the Court's estimation, the view most consistent with the plain meaning of the text of Rule 45—is that the quoted language refers to the place of compliance specified in the subpoena itself.  *See* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, at 1331-32 (2021) ("The courts are split on how to determine which court is the 'compliance' court.  Some courts have concluded that it is determined by where the recipient of the subpoena lives or is headquartered.  Most courts, however, have concluded that it is determined by the place of the compliance stated on the subpoena."); *id.* at 1332 n.55 ("Textually, the courts that identify the place of compliance based on where the

1   documents are to be produced have the better argument. . . .  The very notion of complying

2   'beyond' the 100-mile radius measured from where the person lives or works necessarily

3   links compliance with the location where the documents are to be sent.").

4          Anticipating this potential outcome, ABC Corp. states in its motion that "[i]f this

5   Court disagrees on its power to quash this subpoena," transferring this action to the District

6   of Utah, "rather than dismiss[ing] it outright," would "serve judicial economy and save

7   both time and money."  (Doc. 1 at 4.)  The Court agrees.  Nor does the Court see any need

8   to solicit additional briefing from the parties as to whether ABC Corp. must request leave

9   to file a separate, formal transfer request—doing so would only delay resolution of the

10  motion and increase the parties' costs.

11         Finally, even if the District of Arizona were considered "the district where

12  compliance is required," this Court would have authority under Rule 45(f) to transfer the

13  motion to quash to the District of Utah, by virtue of that court's status as the "issuing court."

14  Exceptional circumstances would exist to support such a transfer here.  Although ABC

15  Corp. is correct that requiring subpoena-related litigation to occur outside the district where

16  the recipient is located could, in general, place an undue burden on "nonparty subpoena

17  recipients" (Doc. 8 at 3), this observation overlooks that the non-party subpoena recipient

18  in this case—GoDaddy—isn't fighting the subpoena.  The only opposition is being raised

19  by ABC Corp., which has not identified any reason why it would be inconvenienced by

20  litigating in the District of Utah rather than the District of Arizona.

21         Accordingly, **IT IS ORDERED** that this subpoena-enforcement action, including

22  the pending motion to quash (Doc. 1), is **transferred** to the District of Utah, to be resolved

23  as part of *XMission, L.C. v. Zipplyloan.com et al.*, Case No. 2:20cv00878.

24         Dated this 4th day of May, 2021.

25

26  _____

27  Dominic W. Lanza
    United States District Judge

28

- 4 -